**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. CV 11-0862 WJ/GBW
                                                           CR 09-2060 WJ

TERRY HARRIS SLADE,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under rules 4(b), 11(a) of the Rules Governing Section 2255 Cases, on Defendant's Motion Pursuant To 28 USC §2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1; CR Doc. 44). Also before the Court is Defendant's Request For Leave To File Tardy 28 USC 2255 Motion (CV Doc. 3; CR Doc. 43). The motion to allow tardy filing does not show cause for the untimely filing, and the Court will dismiss Defendant's § 2255 motion.

    On June 16, 2010, the Court entered judgment (CR Doc. 41) on Defendant's conviction. Defendant did not appeal the conviction or sentence, and thus his conviction became final fourteen days later when the time for filing an appeal expired. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006); *and see United States v. Sandoval*, 371 F. App'x 945, 948 n.2 (10th Cir. 2010) ("2009 Amendments to the Federal Rules of Appellate Procedure extended the time to appeal a final judgment in a criminal case from ten to fourteen days"). On September 26, 2011, approximately fifteen months after his conviction became final, Defendant filed his § 2255 motion.

    The applicable one-year limitation period in § 2255 had expired when Defendant filed his § 2255 motion, *see United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000), and the motion

must be dismissed unless he presents grounds for tolling, *see United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at \*\*1 (10th Cir. Dec 13, 1999).  Defendant is clearly aware of the limitations issue with his § 2255 motion, and in his concurrent motion to allow tardy filing, he makes arguments for allowing the § 2255 motion to proceed on the merits.  *Cf. Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at \*\*1 (10th Cir. Sept. 15, 2000) (noting that timeliness of § 2254 petition was raised *sua sponte* and allowing response); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default in § 2255 proceeding).

In his motion to allow tardy filing, Defendant first alleges that his plea agreement "remained silent with respect to filing a 28 USC §2255 motion."  He also makes the related allegation that, at sentencing, his attorney "misinformed [him] that his remedies were exhausted."  To the contrary, in the plea agreement Defendant expressly waived his § 2255 rights "except as to the issue of ineffective assistance of counsel." (CR Doc. 33 ¶ 20.)  Defendant next alleges that no one informed him of the one-year limitation for a § 2255 motion.  This is not a ground for equitable tolling.  *See United States v. Galindo*, 406 F. App'x 322, 324 (10th Cir. 2011); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Defendant also asserts that allowing his tardy filing will not prejudice the Plaintiff in this matter.  However, as noted by the court in the case that Defendant cites for this factor, " '[A]bsence of prejudice . . . is not an independent basis for invoking [equitable tolling]. . . .'  Thus, we look beyond the absence of prejudice to the [Plaintiff]."  *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)).

And last, Defendant contends that he has diligently pursued his § 2255 remedies.  *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh*, 223 F.3d at 1220).  The record, however, reflects that Defendant was aware of possible § 2255 remedies at the time he

signed the plea agreement, and he let fifteen months pass before acting on his claims. He thus fails to make a factual showing of diligence. *See Gabaldon*, 522 F.3d at 1125-27 (discussing extraordinary circumstances and diligent efforts); *United States v. Oakes*, No. 11-6178, 2011 WL 5009862, at *5 (10th Cir. Oct. 21, 2011) (noting that lack of access to legal materials does not excuse lack of diligence); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010) (dicta). Because "it plainly appears from the motion . . . and the record . . . that the [Defendant] is not entitled to relief," § 2255 R.4, the Court will dismiss the § 2255 motion.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Pursuant To 28 USC §2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1; CR Doc. 44) is DISMISSED with prejudice as untimely filed; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE