IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            No. CV 11-0862 WJ/GBW
                                                 CR 09-2060 WJ

TERRY HARRIS SLADE,

    Defendant.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Defendant's Motion for Relief from § 2255 Judgment (CV Doc. 8; CR Doc. 51) (the "motion to reconsider"). By order and judgment entered on December 8, 2011, the Court dismissed Defendant's § 2255 motion as untimely filed. In his motion to reconsider, Defendant asks the Court to set aside the dismissal order and allow him to proceed on his § 2255 motion. The Court will dismiss the motion for lack of jurisdiction.

        Because Defendant's § 2255 motion was dismissed for untimeliness, he asserts that his motion to reconsider "challenges nothing more than a procedural aspect of the §2255 proceeding." Therefore, he argues, "[b]y any standard, this [motion to reconsider] is a bona fide Rule 60(b) motion" and not a restricted second or successive petition. To the contrary, when a court dismisses a § 2255 motion as untimely, the dismissal is with prejudice, and subsequent motions are treated as second or successive. *See, e.g., Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003), *cited in Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (§ 2254 proceeding). In other words, Defendant's rule 60(b) motion challenges the merits, and not a procedural defect, of the Court's earlier ruling. *Cf. In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam) ("While the

decision whether or not to hold an evidentiary hearing may be classified as a procedural ruling, the district court's decision not to hold an evidentiary hearing did not preclude a merits determination on [Defendant]'s § 2255 motion; it was the result of a merits determination."). Even though the Court dismissed Defendant's § 2255 motion on procedural and not substantive grounds, his rule 60(b) motion does not challenge a procedural defect in the proceeding.

Furthermore, because Defendant previously filed a § 2255 motion, the Court will not recharacterize his rule 60(b) motion as a § 2255 motion. A district court does not abuse its discretion in declining to recast a pleading as a § 2255 motion when relief would be "facially 'barred as . . . second or successive under 28 U.S.C. § 2255.' " *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005); *United States v. Duggins*, No. 12-2072, 2012 WL 4017257, at *1 (10th Cir. Sept. 13, 2012) (affirming district court's refusal to recharacterize pleading as § 2255 motion). And because Defendant's rule 60(b) motion will not be recharacterized, the Court has no jurisdiction to consider the motion. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading.").

Defendant correctly asserts that the Court should not *sua sponte* dismiss a § 2255 motion as time barred without giving the defendant notice and an opportunity to respond. *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at **1 (10th Cir. Sept. 15, 2000) (noting that timeliness of § 2254 petition was raised *sua sponte* and allowing response); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default in § 2255 proceeding). Here, however, Defendant raised and briefed the issue of timeliness and equitable tolling in his Request for Leave to File a Tardy 28 U.S.C. § 2255 Motion (CV Doc. 3; CR Doc. 43) that was filed with his § 2255 motion. The Court considered Defendant's thoughtful arguments in favor of equitable tolling of the one-year

limitation period, and he was clearly not prejudiced by not being allowed a second opportunity to brief the issue. The Court will dismiss Defendant's motion to reconsider.

IT IS THEREFORE ORDERED that Defendant's Motion for Relief from § 2255 Judgment (CV Doc. 8; CR Doc. 51) is DISMISSED for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE